IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VINCE ARTHUR HALL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-263 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner VINCE ARTHUR HALL. For the following reasons, petitioner's habeas application should be DENIED as time-barred.

I.
STATEMENT OF THE CASE

On March 2, 2012, petitioner was charged by grand jury Indictment in the 69th Judicial District Court of Moore County, Texas, with three (3) counts of the third degree felony offense of bail jumping and failure to appear in violation of section 38.10 of the Texas Penal Code. *State v. Hall*, No. 4,689. All three (3) counts of the Indictment alleged petitioner, on or about November 28, 2011:

> [D]id then and there, after being lawfully released from custody on a pending felony charge on condition that he subsequently appear in court, intentionally or

knowingly fail to appear in accordance with the terms of his release.[1]

The Indictment also alleged two (2) prior felony convictions for purposes of enhancing punishment:

ENHANCEMENT PARAGRAPH I

[P]rior to the commission of the [charged] offense . . . on August 10, 1995, in cause B12028-9504 in the 242nd District Court of Hale County, Texas, the defendant was convicted of the felony offense of Delivery of Cocaine;

ENHANCEMENT PARAGRAPH II

[P]rior to the commission of the [charged] offense, and after the conviction in cause number B12028-9504 was final, the defendant committed the felony offense of Possession of a Controlled Substance and was convicted on May 6, 2005, in cause number 49,685-D in the 320th District Court of Potter County, Texas.

[ECF 7-5 at 5-7].

On May 14, 2012, petitioner pleaded guilty, pursuant to a plea bargain, to the first count of bail jumping and true to the first enhancement paragraph. As a result of the plea agreement, Counts II and III, and Enhancement Paragraph II of the Indictment were dismissed. [ECF 7-5 at 14]. On that same date, the trial court sentenced petitioner to 15 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, and entered Judgment. [ECF 7-5 at 15-16]. Petitioner did not file a direct appeal of his conviction and sentence.

On May 3, 2014, petitioner purportedly placed a state application for habeas corpus relief in the state prison mailing system, such application being received and file-stamped on May 9,

---

[1] The bonds were issued to insure petitioner's personal appearance before the state trial court to answer to the felony charges of (1) assault on a public servant (Count I); (2) possession of a controlled substance < 1 gram in a Drug Free Zone (Count II); and (3) evading arrest or detention with a vehicle (Count III).

2014.[2]   By his state habeas application, petitioner alleged (1) the State breached the plea bargain agreement; (2) petitioner was denied effective assistance of trial counsel; (3) the bond agreement was misrepresented; (4) a conflict of interest existed in that the prosecutor previously represented petitioner; and (5) petitioner was denied access to a law library.   On August 20, 2014, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order.   *In re Hall*, No. 81,701-02.

On August 17, 2015, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system.   Petitioner's application was received by this Court and file-stamped on August 24, 2015.   [ECF 3].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Enhancement Paragraph I, the enhancement paragraph to which petitioner pled true, was defective resulting in petitioner being assessed a void or illegal sentence, *i.e.*, a sentence exceeding the maximum allowed for a non-enhanced bail jumping offense;

2. Petitioner was denied effective assistance of trial counsel;

3. The State breached the plea bargain agreement by refusing to award petitioner 257 days credit toward his 15-year sentence;

4. Petitioner was denied due process because his bond agreement indicated only that he would be fined for failing to appear, not that he would be charged with a new offense;

5. The state habeas corpus proceedings were deficient because petitioner did not receive a copy of the State's response to his state habeas petition; and

---

[2] "[U]nder Texas law the pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities."   *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013).   The state habeas petition form, however, does not require the petitioner to provide a date on which the application is submitted to the prison mail system. Therefore, the undersigned will use the date petitioner signed the application as the date he submitted the petition to prison authorities for mailing unless demonstrated otherwise.

6.  The evidence was insufficient to show petitioner knowingly and intentionally failed to appear or jumped bail because he was not notified or otherwise aware of the dates he was to appear for court.

## III.
## PROCEDURAL HISTORY

On September 30, 2015, respondent filed a Preliminary Answer asserting petitioner's habeas application should be dismissed as time barred. In her Preliminary Answer, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application. [ECF 8].

On October 26, 2015, petitioner filed a reply to respondent's Preliminary Answer asserting that because his sentence is void, it can be challenged at any time and cannot be barred by a limitation period. Petitioner also asserts he can establish an actual innocence exception to the limitations bar. Petitioner further appears to assert he is entitled to equitable tolling of the limitation period, and/or that he did not discover the factual predicate of his claims until a date subsequent to his conviction becoming final; therefore, the statute of limitations should not begin until the date he discovered his claims. [ECF 10].

## IV.
## APPLICABILITY OF LIMITATIONS

By his first ground, petitioner argues the enhancement paragraph to which he pled true was defective, resulting in petitioner being assessed a sentence exceeding the maximum allowed for a non-enhanced bail jumping offense. Specifically, petitioner contends the 1995 prior offense alleged in Enhancement Paragraph I was a state jail felony; therefore, it could not have been used to enhance punishment of the 3rd degree bail jumping offense charged in this case to encompass

the 15-year sentence to which he pled. Petitioner thus concludes his conviction, based on an illegal indictment, is void. In his reply, petitioner reasserts his contention under his first ground that his bail jumping conviction is void because it was based on a defective indictment and imposes an unauthorized sentence, but further contends a challenge to an illegal sentence and/or a jurisdictionally deficient or void conviction can be brought at any time and cannot be barred by a statute of limitations.

The 1995 Judgment in the case alleged in the enhancement paragraph reflected petitioner was convicted of the offense of "delivery of cocaine" and that punishment was "ENHANCED to 3rd Degree Felony."[3] Although the indictment for that offense is not before the Court and the Judgment does not reflect the basis for the enhancement, any enhancement of the punishment for a state jail felony of delivery of cocaine to a third degree felony in 1995 would have been pursuant to section 12.35(c) of the Texas Penal Code governing *State Jail Felony Punishment*.[4] Petitioner was sentenced to three (3) years imprisonment. In 2012, when petitioner was convicted of the instant third-degree bail jumping offense, Texas law held that "if it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a),[5] on conviction the defendant shall be punished for a felony of the second degree." Tex. Penal Code § 12.42(a). Petitioner's prior

---

[3] The Judgment reflects petitioner was charged with a violation of section 483.041 of the Texas Penal Code; however, that section addressed possession of a dangerous drug, a 3rd degree felony. Section 481.112(b) of the Texas Penal Code addressed the offense of Delivery of Substance in Penalty Group 1 and provided such offense was a "state jail felony if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, less than one gram."

[4] As relevant here, section 12.35 of the Texas Penal Code provided:

"(c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:

(2) the individual has previously been finally convicted of any felony:

(A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure.

In 1987, petitioner was convicted of the felony offense of aggravated sexual assault, a 3g(a)(1) offense.

[5] Section 12.35(a) provided, in part: "[A]n individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

delivery of cocaine conviction, although a state jail felony, was punishable under Section 12.35(c) as a third-degree felony. The conviction alleged in Enhancement Paragraph I, the paragraph to which petitioner pled true, was proper. Consequently, neither petitioner's conviction nor sentence were void due to alleging an improper enhancement paragraph, and the applicability of the limitation period is not obviated in any way.

## V.
## ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404, 113 S.Ct. 853 (1993)). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995*); see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Notwithstanding the fact that petitioner, in open court, entered a plea of guilty to the charged offense and executed a judicial confession admitting he committed the acts constituting the bail jumping offense alleged in the Indictment, he now contends he is innocent. Petitioner

appears to assert he was not notified of, and was not otherwise aware of, the November 28, 2011 court date;[6] therefore, he could not have "intentionally or knowingly" failed to appear in accordance with the terms of his release. Petitioner contends he is thus actually innocent of the offense of bail jumping/failure to appear and should be excused from any applicable time bar.

Petitioner fails to make the necessary showing of actual innocence. He has not presented any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor has he shown it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have found petitioner guilty. Although it cannot be determined from the record whether this purported "evidence" of a "reasonable excuse for his failure to appear" was presented in the underlying proceeding, petitioner was necessarily aware of his potential defense to the charges at the time. Moreover, as set out previously, petitioner pleaded guilty to the bail jumping offense as alleged in the indictment and averred that he committed each and every allegation contained in the indictment and that he was guilty of the offense, as well as all lesser included offenses.

Judicial confessions "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Likewise, "[solemn] declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 97 S. Ct. 1621, 1629 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("Appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity."). Representations made by the defendant at a plea hearing, as well as the findings made by the trial judge accepting the plea, create a formidable barrier to a

---

[6]Petitioner appears to contend neither his attorney nor the trial court, to which he had pledged a sum to insure his subsequent appearance, knew of his whereabouts at the time the court setting was entered. Petitioner contends he first learned he had missed court proceedings in the underlying criminal actions when the Indictment was issued in this case.

subsequent collateral attack. *Blackledge*, 97 S. Ct. at 1630. The facts presented by petitioner do not demonstrate he is actually innocent of the charged offense of bail jumping/failure to appear. Consequently, petitioner has not overcome any time bar for filing a federal habeas corpus petition.

VI.
FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on May 14, 2012.

2. Petitioner's judgment of conviction became final on **June 13, 2012**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that petitioner could not have discovered such claims, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final (*see* discussion below).

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **June 13, 2013**, unless statutorily or equitably tolled.

8. Petitioner's state habeas application, filed May 3, 2014 and denied without written order on August 20, 2014, was filed <u>after</u> the expiration of the limitation period and did <u>not</u> statutorily toll the 1-year statute of limitations.

9. Petitioner has not demonstrated he is entitled to any periods of equitable tolling (*see* discussion below).

10. Petitioner's federal habeas corpus application, filed **August 17, 2015** when it was purportedly placed in the prison mailing system, was filed over two

(2) years after the expiration of the statute of limitations and **is time barred**.

11. Petitioner has not demonstrated an actual innocence exception to the time bar (*see* discussion above).

For the reasons set forth by respondent in her Preliminary Answer [ECF 8] and for the reasons set forth herein, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be denied as time barred.

## VII.
## DISCOVERY OF FACTUAL PREDICATE

Petitioner also appears to argue the instant habeas application is timely because he did not and could not have discovered the factual predicate of his defective enhancement paragraph claim at the time of his conviction and, therefore, the statute of limitations did not begin to run until a later date, *i.e.*, the date he actually discovered the basis of his claim. Specifically, petitioner maintains he did not discover the State failed to include, in the second enhancement paragraph, language indicating his prior offense was a state jail felony. Petitioner's argument is without merit.

Petitioner's argument confuses his knowledge or discovery of the factual predicate of his claim with the discovery of the purported proof of the claim or time gathering evidence in support of that claim. *See Flanagan v. Jonson*, 154 F.3d 196, 199 (5th Cir. 1998). As accurately noted by the Seventh Circuit Court of Appeals, "[T]he time commences when the factual predicate could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner" or "when the prisoner recognizes [the] legal significance [of important facts]." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Here, petitioner appears to assert he only recently discovered that the State omitted language in the enhancement paragraph that would have indicated the prior alleged conviction was for a state jail felony. Petitioner should have known, or could have discovered with the exercise of due diligence, his claim that the enhancement

paragraph was improper when he pleaded true to the paragraph or, at the latest, by the time his conviction was final.

Therefore, for the reasons set forth by respondent and for the reasons set forth herein, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

VIII.
<u>EQUITABLE TOLLING</u>

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). However, equitable tolling applies to the section 2244(d) limitation period only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). A petitioner is entitled to equitable tolling only if he shows (1) he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Holland*, 560 U.S. at 649. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockerell*, 293 F.3d 256, 264 (5th Cir. 2002).

Petitioner argues the limitation period, which began June 13, 2012, should be equitably tolled due to his contention that he was denied an adequate law library while confined in the Rudd Unit, a state jail facility, from June 13, 2012 (the start of the limitation period) until December 2012. Petitioner's temporary lack of access to an institutional law library or limited access to a law library does not equitably toll the limitation period. Such impediments are common problems for inmates seeking post-conviction habeas relief and are insufficient to justify equitable tolling of

the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999). Petitioner also contends a period of time should be equitably tolled due to his lack of knowledge of legal proceedings, his need to first research how to file a state habeas, his delay in learning of the federal statute of limitations, and his mistaken belief that the federal limitations period began when state habeas relief was denied. Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Petitioner is not entitled to any period of equitable tolling under the circumstances of this case or for the reasons he has asserted.

## IX.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Preliminary Answer filed September 30, 2015 [ECF 8], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner VINCE ARTHUR HALL be DENIED.

## X.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 18, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).